IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN BOWERS<br>　　Plaintiff, | § § § § | |
| v. | § § | CASE NO. 4:24-cv-3190 |
| SENDERA SOCO PARTNERS, LP,<br>LINCOLN PROPERTY COMPANY,<br>KO SOUTH CONGRESS OWNER (DE)<br>　LLC, and<br>KAIROI MANAGEMENT, LLC,<br>　　Defendants. | § § § § § § § | |

## COMPLAINT

**COMES NOW**, Plaintiff BRIAN BOWERS ("BB"), and files this Complaint against SENDERA SOCO PARTNERS, LP ("Sendera"), LINCOLN PROPERTY COMPANY ("Lincoln"), KO SOUTH CONGRESS OWNER (DE) LLC ("KO"), and KAIROI MANAGEMENT, LLC ("Kairoi"), jointly and severally, and would show the Court as follows:

## NATURE OF THE LAWSUIT

1. This is a toxic tort and/or breach of contract lawsuit.

2. BB complains of injuries suffered as a result of negligent and/or intentional acts and/or omissions by Defendants, committed jointly and severally, in relation to toxic mold present in an apartment rented and occupied by Plaintiff in Austin, Texas.

3. This case is brought under, *inter alia*, 28 U.S.C. § 1332, for claims arising under the laws of the State of Texas.

1

## PARTIES

4. BB is a natural person and a resident of Phoenix, Arizona.

5. Sendera is a Delaware limited partnership, with its office at 901 S. MOPAC EXPRESSWAY BARTON OAKS II, SUITE 125 AUSTIN, TX 78746.

6. Lincoln is a Texas company, with an office at 16945 Northchase Drive, Suite 150, Houston, TX 77060.

7. Kairoi is a Texas company, with its offices at 711 NAVARRO ST., STE 400, SAN ANTONIO, TX 78205-3500. KO is a Delaware company, believed to be a subsidiary or affiliate of Kairoi, with its office at the same location as that of Kairoi.

## VENUE

8. Venue is appropriate pursuant to 28 U.S.C § 1391(b)(1).

## JURISDICTION

9. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

10. As described above, this is an action between an Arizona-based Plaintiff and business entities domiciled in Texas.

11. As detailed herein, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## PROCEDURAL REQUISITES

12. All conditions precedent, if any, to the filing of this action have been met by Plaintiff.

## FACTUAL BACKGROUND

Upon information and belief, Plaintiff alleges as follows:

13. On or about March 2021, BB and Sendera entered into an agreement for the lease of a residential apartment located at 3801 S. Congress Ave., #L411, Austin, Texas 78704.

14. The property manager for Sendera was Lincoln.

15. The apartment was unfit for habitation due to latent and dangerous mold problems.

16. Starting in about October 2021, BB began to suffer from diverse medical conditions.

17. At some point, the apartment complex located at 3801 S. Congress underwent a change in ownership and management.

18. On or about June 2022, BB renewed his apartment lease, with KO as the new owner.

19. The property manager for KO was and is Kairoi.

20. The property owned and managed by Defendants was hazardous, and caused BB the loss of personal property, and also caused significant personal injury.

21. Defendants negligently or willfully allowed toxic mold to fester and grow in the HVAC system of the apartment leased by BB.

22. Defendants negligently or willfully allowed such condition to continue and negligently or willfully failed to warn BB of this condition.

23. This toxic condition existed despite the fact that Defendants knew or should have known of the existence of the hazardous living condition, and that there was likelihood of a person being injured, and of property loss, as occurred to BB.

24. The hazardous living conditions of the toxic mold continued for such a period that, had Defendants exercised ordinary care in the maintenance of the apartment building, it would have been corrected prior to the irreparable harm to BB.

25. BB has previously presented him claim(s) to Kairoi for resolution, but the parties were not able to reach agreement, thus necessitating this lawsuit.

26. The health damage to BB as a result of the mold-infested apartment has been substantial and continues require significant medical attention to the present date.

27. Specifically, BB has suffered cognitive deficits, pain and respiratory changes, as a consequence of the toxic mold exposure.

28. To date, BB has required medical treatments costing at least $51,759.02, and that sum is anticipated to increase with future treatments.

29. Further, it is estimated that BB spent approximately $34,689.00 on the rental of the mold-infested apartment that caused his health problems.

## **VICARIOUS LIABILITY**

30. Plaintiff re-alleges and incorporates the foregoing.

31. Sendera and Lincoln formed the initial owner/management group for the property in issue.

32. Hence, Sendera and Lincoln acted in relevant ways as a single business enterprise.

33. Subsequently, KO and Kairoi came to form the subsequent and present owner/management group for the property in issue. In fact, KO is believed to be a subsidiary or affiliate of Kairoi.

34. Hence, KO and Kairoi acted in relevant ways as a single business enterprise.

35. Further, it appears that KO and Kairoi are the successors-in-interest to Sendera and Lincoln, for the purposes of this lawsuit.

36. As such, any allegation concerning an act or omission of the Defendants, singularly, is intended to cover acts or omissions of their respective agents, officers, servants, borrowed servants, employees, or representatives.

## **TORT AND CONTRACT LIABILITY OF DEFENDANTS**

37. Plaintiff re-alleges and incorporates the foregoing.

38. The Defendants negligently and/or intentionally misled BB into believing that the aprtment in issue was habitable and safe.

39. The Defendants negligently and/or intentionally failed to properly inspect and maintain the HVAC system and the apartment to discover the hazardous living conditions.

40. The Defendants negligently and/or intentionally failed to maintain the apartment building in a reasonably safe condition.

41. The Defendants negligently and/or intentionally failed to remove the toxic mold, which caused significant property damage and personal injuries to BB.

42. The Defendants negligently and/or intentionally allowed toxic mold to fester and grow which caused significant property damage and personal injuries to BB.

43. The Defendants had actual or constructive knowledge of the condition of their property, and said condition posed an unreasonable risk of irreparable harm to BB.

44. The irreparable harm to BB includes cognitive deficits, pain and respiratory changes, as well as lost wages and the loss of use and enjoyment of the property under lease.

45. The Defendants did not use reasonable care to reduce or eliminate the risk if toxic mold.

46. The Defendants made representations to BB that the property was suitable for habitation and sanitary, which were false, misleading, and deceptive.

47. Defendants have, therefore, engaged in acts and omissions constituting negligence and/or gross negligence.

48. Defendants have also engaged in misrepresentation in the inducement to enter into the lease agreements.

49. Additionally, the representations of Defendants constitute violations of Sections 17.46(b)(5) and/or 17.46(b)(12) of the Texas Business & Commerce Code.

50. Defendants are also liable for breach of contract under Texas law.

## DECLARATORY RELIEF

51. To the extent necessary, BB seeks declaratory relief as to the hazardous conditions of the apartment, under Section 37.003 of the Texas Civil Practice and Remedies Code, and/or 28 U.S.C. 2201.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

a. Actual damages;

b. Reasonable medical care and expenses in the past and future;

c. Exemplary damages;

d. Attorney's Fees and Costs; and

e. Such other and further relief, at law or in equity, general or special, to which Plaintiff may show he is justly entitled.

Dated: August 26, 2024  Respectfully submitted,

**GL Ahlgren, PLLC**

*/s/Gregory Ahlgren*
Gregory Ahlgren
(Southern District of Texas # 28318)
Texas Bar No. 00793031
E-mail: service@law-tx.nl
GL Ahlgren, PLLC
2800 Post Oak Blvd., Ste. 5600
Houston, Texas 77056
Telephone: 832-390-2321
**ATTORNEY FOR PLAINTIFF**

## Certificate of Service

I certify that a copy of this instrument will be promptly served on Defendants along with Form AO 398.

**GL Ahlgren, PLLC**

<u>/s/Gregory Ahlgren</u>
Gregory Ahlgren
Texas Bar No. 00793031
E-mail: service@law-tx.nl

GL Ahlgren, PLLC
2800 Post Oak Blvd., Ste. 5600
Houston, Texas 77056
Telephone: 832-838-2996
**ATTORNEY FOR PLAINTIFF**