United States District Court
Southern District of Texas
**ENTERED**
March 26, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN K BOWERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-03190 |
| | § | |
| LINCOLN PROPERTY COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

Pending before the Court is the defendants', Lincoln Property Company, KO South Congress Owner (DE) LLC, and Kairoi Management, LLC ("the defendants"), motion for summary judgment (Dkt. No. 32). The plaintiff, Brian K Bowers, has filed a response to the defendants' motion (Dkt. No. 34), and the defendants have filed a reply (Dkt. No. 35). After reviewing the motion, the pleadings, the record, and the applicable law, the Court determines that the defendants' motion should be granted.

### II.  FACTUAL BACKGROUND

This dispute arises from alleged injuries that the plaintiff claims that he sustained due to a breach of contract that occurred at 3801 S. Congress Ave, #L411, Austin, Texas 78704 ("Apartment"). The plaintiff asserts that the defendants failed to remedy an alleged mold infestation that was present in his apartment.

On or about March 2021, the plaintiff entered into a lease agreement for an apartment with the defendants in Austin, Texas. He alleges that after moving in, he began to suffer from various

1 / 4

respiratory symptoms that he contends were due to toxic mold exposure that he encountered while a resident in the apartment.  On January 6, 2022, he submitted a service request through an online portal, provided by the defendants, requesting an "organic growth" inspection.  He further alleges that by August 2022, he and the defendants' staff were discussing the issue of mold in his apartment.  However, he asserts, the defendants never inspected the apartment as discussions about the condition continued.

On August 23, 2022, the plaintiff had his apartment inspected for mold by Austin Mold LLC.  The results of the inspection indicated that the air ducts serving the apartment, as well as the supply air grills were mold contaminated.  He then vacated the apartment and moved to the state of Arizona.  After his move, he filed this lawsuit in Texas.

## III.    CONTENTIONS OF THE PARTIES

The plaintiff's contentions against the defendants arise out of a breach of contract because of the defendants' failure to remedy the mold exposure that he suffered while living in the defendants' apartment complex.  He sued to recover damages for negligence, gross negligence, breach of contract, and related causes of action.  The plaintiff insists that his apartment was infested with mold, that was discovered through an "organic growth" inspection. As a result, he contends that he has suffered acute symptoms such as congestion, nasal obstruction, post-nasal drip, and other related allergies.  Therefore, he asserts that the defendants' failure to remediate the mold in his apartment constitutes a breach of contract.

In response, the defendants assert that the plaintiff's suit should be dismissed pursuant to Rule 56 of the Federal Rules of Civil Procedure.  The defendants rely on the following undisputed fact to support their summary judgement motion: (a) the plaintiff has failed to meet the deadline for designating an expert witness, pursuant to the Court's scheduling order; (b) the plaintiff has

failed to provide evidence that supports his medical or property damage claims; and (c) the plaintiff failed to provide the required 48 hours' notice before conducting a mold inspection in order for the defendants to participate, as required by the lease agreement.

## IV.    STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted).

## V.    ANALYSIS & DISCUSSION

The defendants assert and it is undisputed that the plaintiff failed to designate an expert witness before September 1, 2025, the deadline for designating expert witnesses. The Court agrees therefore, holds that the expert witness issue is dispositive of the case. Case law holds that expert testimony is necessary in toxic-tort cases, involving medically complex diseases. *Coastal*

3 / 4

*Tankships, U.S.A., Inc. v. Anderson (In re Estate of Anderson)*, 87 S.W.3d at 602-604 (Tex. App.—Houston [1st Dist.] 2002).  In *Coastal Tankships*, the plaintiff's husband suffered no illnesses prior to joining a tanker crew.  After joining the crew, he became ill.  The state appellate court held that expert testimony was required to prove causation.  Here, the plaintiff conceded that he failed to designate an expert witness.  Hence, without an expert witness, the plaintiff cannot sustain his lawsuit, because he cannot establish causation.  Furthermore, without evidence that establishes causation, the plaintiff's remaining causes of action fail.

## V.      CONCLUSION

Based on the foregoing analysis and discussion, the defendants' motion for summary judgment is **GRANTED**.

It is so **ORDERED**.

SIGNED on March 26, 2026, at Houston, Texas.

_____
Kenneth M. Hoyt
United States District Judge